NO. 07-00-0230-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 3, 2001

_____

MICHAEL CLIFFORD MCLESTER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 32294-A; HONORABLE DAVID L. GLEASON, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

In this proceeding, appellant Michael Clifford McLester seeks to appeal an adjudication of guilt for the offense of burglary after the trial court found he violated the terms of his community supervision. Finding no merit to this appeal, we affirm.

Appellant's original plea of guilty was made on August 13, 1993. The court deferred adjudication of appellant's guilt conditioned on eight years community supervision under

conditions set out by the court, including the payment of an $800 fine. Upon motion of the State to revoke his community supervision and adjudicate his guilt, the trial court held a hearing on October, 5, 1995. Appellant pled true to the State's allegations and on the prosecutor's recommendation, the court continued his community supervision, adding the requirement he participate in a drug treatment program called SAFPF.

Another hearing was held October 19, 1998, on the State's further motion to adjudicate appellant's guilt, in which it alleged the violation of nine conditions of his community supervision. The court again continued his community supervision, extending the term to ten years and additional participation in SAFPF. The State's third motion to adjudicate guilt, alleging five violations of the conditions imposed on appellant, was held April 13, 2000. After this hearing, the court adjudicated his guilt and sentenced appellant to ten years confinement in the Institutional Division of the Texas Department of Criminal Justice. Hence, this appeal.

In presenting appellant's appeal, appointed counsel has filed a brief in which he has certified that, in compliance with *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969), he has diligently reviewed the record and determined that, in his opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated. Thus, he concludes, the appeal is without merit and is frivolous. In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978), counsel has analyzed the record, made

2

references to the record, and candidly discussed why, under the controlling authorities, there is no error in the court's judgment.

Counsel has certified that he has served a copy of the brief on appellant and informed him that, in counsel's view, the appeal is without merit. He has also attached a copy of a letter by which he notified appellant of his right to review the record and to file a pro se brief if he wishes to do so. *See Johnson v. State*, 885 S.W.2d 641, 646 (Tex.App.--Waco 1994, writ ref'd). Appellant has neither filed a pro se brief nor requested an extension of time within which to do so.

We have also made our own careful examination of the record to determine if there are arguable grounds which might support the appeal. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds and agree with counsel that the appeal is without merit and is, therefore, frivolous. *Johnson*, 885 S.W.2d at 647. Accordingly, the judgment of the trial court is affirmed. We also grant counsel's motion to withdraw.

John T. Boyd
Chief Justice

Do not publish.

3